Chief Justice Robertson
delivered the Opinion of the Court in this case — which was heard before Judge Ewing took his seat upon the bench.
This writ of error is brought to reversea judgment, for one hundred and fifty dollars, which Taylor obtained against Haley, on.a promissory note; and the principal question presented by the record, is, whether the Circuit Court erred in rejecting a special plea which the plaintiff in error offered to file: and the solution of that question is made to depend chiefly, if not altogether, on the sufficiency of the plea — the substance of which is, that the note was given in consideration of Taylor’s giving up to one- John Frisby, an infant, the residue of an unexpired term, for which Frisby was “bound” to him as an apprentice.-
• The argument in support of the plea, is, that such a contract between master and apprentice, as that alleged as the only consideration of the note, is -repugnant to the interests of well regulated society and against the policy of the law, and is therefore void; and the case of Hudnut vs. Bullock, 3. Mar. 299, is relied on,, as an authority for that position.
The relation between master and apprentice, is one of peculiar confidence and trust, and cannot, according to r 7 7 ° modern decisions, be created by parol contract, nor without the consent of the infant; and it is said by high authority, that, though an infant may bind himself as an apprentice, in consequence of a statute of Elizabeth, so as to give the master dominion over his person, still he „ r, ,, may piead his infancy m bar of any suit on the covenantof indenture.
iíñ apprentice cannot be transferred from one master to another, without his own consent, and that also, of the father or guardian by whom he was bound. But, as between the new and the old master, the contract of transfer may be binding; and, it will be good as to all parties, if made with the consent of all the parties to the indenture of apprenticeship.
A plea, of no consideration for the note sued on, that merely alleges, that it was given for the release, to an infant apprentice, of the unexpired term of his apprenticeship, is not sufficient.— For—
Where an apprentice is bound by his own contract only, he maybe released in the same way. And there may be cases where the discharge of a regularly bound apprentice may be fit and proper, and yet the master be justly entitled to cornpensation, in lieu of his services for the unexpired, term.
*222 il is also well settled, that an apprentice cannot, ' without his consent, be transferred or assigned by bis master. But it has been frequently decided that, though an apprentice cannot be assigned without his consent, and that of his father or guardian, if he was bound by father or guardian, nevertheless the covenants between the masters may, as between them, be good. Caister vs. Eccles, 1 Lord Raym, 683; Nickerson vs. Howard, 19 Johnson, 113; and it has been decided also, in “ The King vs. the Inhabitants of Stockland,” Dong. 70, and in many other cases (vide Petersdorffs abridgement, title 'Apprentice) that an assignment or release, with the consent of all parties to the contract of apprenticeship, may be good.
These cases and that of Hudnut vs Bullock, supra, do not necessarily conflict; because in the latter case, the apprentice had been bound by his father, and had, without his farther’s concurrence or privity, made a contract with his master for liberation from his apprenticeship.
But if there be any irreconsilable confliction between the cases, we do not deem it necessary for this court now to decide between them; for the plea in this case, does not show how the apprentice was bound — whether by father or guardain — by the County Court, or by his own agreement only — nor whether by deed or by parol;- and if, as may have been and probably was the case, the allegations of the plea notwithstanding — he was “bound’? by his own contract, without the sanction or concurrence of any other authority, we can perceive no reason why the same will that created the relation of apprenticeship might not. have dissolved it, without any-violation of law or assault on public policy. Cases-might be supposed, in which it would be the interest of the infant, without the fraud or fault of the master, to be released, and to seek the tutelage of some other person, or engage in some other employment more congenial and advantageous; and we know of no law, or principle, or analogy, which would forbid or render void a fair contract for that end, nor can we see any objection to the payment of a fair equivalent for the tuition and board of the exonerated apprentice.
*223 This case is essentially different from that of Hudniit vs. Bullock, and does not depend on the same principle— and we are not inclined to extend the doctrine judicially determined in that case, to the facts of this case.
We are therefore of the opinion that the Circuit Court did not err in rejecting the plea.
But the judgment for interest from the 9th of November, 1831, when the note was not due, until November, 1832, is erroneous and must be reversed.
Wherefore the judgment is reversed and the cause remanded with instructions to render a judgment according to the note.